RENDERED: DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0889-MR

MICHAEL STAMPER                                                APPELLANT


APPEAL FROM MADISON CIRCUIT COURT
v.        HONORABLE JEAN CHENAULT LOGUE, JUDGE
ACTION NO. 17-CI-00434


CUMBERLAND MACHINERY
MOVERS AND INDUSTRIAL
SERVICES, INC.                                                APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Michael Stamper ("Stamper") appeals the Madison

Circuit Court's summary judgment in favor of Cumberland Machinery Movers and

Industrial Services, Inc. ("Cumberland") on grounds that Cumberland was entitled

to up the ladder immunity from Stamper's claims. After careful review, we reverse

and remand.

Okonite Company, Inc. ("Okonite") is a manufacturer of medium voltage cable in Richmond, Kentucky. Stamper has been employed by Okonite for thirty years.

In 2016, Okonite expanded its Richmond, Kentucky facility including construction of a concrete foundation and installation of a cable strander. Okonite contracted with Denham-Blythe Company, Inc. ("Denham-Blythe") to construct the concrete foundation, referred to as the "pit" throughout this action. Okonite separately contracted with Cumberland to install the strander in the pit after Denham-Blythe completed its work on the project. Cumberland was to provide the machinery and labor for installation of the strander. Cumberland was contracted to work under the supervision of a technician provided by Okonite. Okonite contracted with Wolfgang Kittel ("Kittel") to supervise Cumberland's installation of the strander. Kittel did not supervise any Okonite employees, including Stamper, because only Cumberland employees were assigned to the installation.

After completing the concrete foundation, Denham-Blythe erected wooden barriers around the pit. The project was then turned over to Cumberland to begin installation of the strander under Kittel's supervision. At some point during installation, a portion of the wooden barrier was removed to allow parts of the strander to be moved into the pit. Yellow caution tape was put in place where the wooden barrier had been.

On August 24, 2016, Stamper was instructed by his supervisor to help another Okonite employee, Wayne Simpson ("Simpson") torque a coupling on the strander. When Stamper reached the pit, he leaned over to ask Simpson how he could help. Stamper mistakenly thought he was leaning on a railing but was, instead, leaning on the caution tape. Stamper fell forward into the pit, injuring himself. The only individuals in the pit at that time were other Okonite employees. When Stamper fell, Cumberland employees were approximately 150 feet away from the pit working on a separate section of the project.

It is undisputed that Stamper received workers' compensation benefits from Okonite's insurance carrier for his injuries. He also filed suit against Cumberland and Denham-Blythe alleging negligence based on removal of the wooden barriers.

Cumberland moved for summary judgment asserting the exclusivity provision of the Kentucky Workers' Compensation Act entitled it to "up the ladder" immunity from Stamper's claim. The trial court granted the motion. Specifically, the trial court determined Cumberland was a subcontractor of Okonite, Stamper's direct employer, and, as such, was entitled to immunity. The trial court denied Stamper's subsequent motion to alter, amend, or vacate the judgment. This appeal followed.

> The standard of review on appeal when a trial court
> grants a motion for summary judgment is whether the

trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. . . . Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*.

*Forbes v. Dixon Electric, Inc.*, 332 S.W.3d 733, 736 (Ky. App. 2010) (internal quotation marks and citation omitted).

On appeal, Stamper argues Cumberland was not entitled to up the ladder immunity because it cannot be considered his employer for workers' compensation purposes and, as such, could not have been liable for Stamper's workers' compensation benefits.

"Under Kentucky law, unless a worker has expressly opted out of the workers' compensation system, the injured worker's recovery from the employer is limited to workers' compensation benefits. The injured worker is not entitled to tort damages from the employer or its employees for work-related injuries." *Beaver v. Oakley*, 279 S.W.3d 527, 530 (Ky. 2009) (footnote omitted). An employer's liability is exclusive:

If an employer secures payment of compensation as required by this chapter, *the liability of such employer under this chapter shall be exclusive and in place of all*

> *other liability of such employer to the employee*[.] For
> purposes of this section, the term "employer" shall
> include a "contractor" covered by subsection (2) of KRS
> 342.610[.]

KRS[1] 342.690(1) (emphasis added). Within the statute, "the term *employer*, is construed broadly to cover not only the worker's direct employer but also a contractor utilizing the worker's direct employer as a subcontractor." *Beaver*, 279 S.W.3d at 530 (citing KRS 342.610(2)).

The purpose of this provision is to extend immunity up the ladder from the subcontractor who employs an injured worker to the entity which contracted with the subcontractor. *Cabrera v. JBS USA, LLC*, 568 S.W.3d 865, 869 (Ky. App. 2019). Immunity is available only for "injuries sustained during work performed in the service of the entity seeking to assert the defense." *Huff v. Southern States Somerset Cooperative, Incorporated*, 632 S.W.3d 343, 351 (Ky. App. 2021) (citations omitted). This is because "a contractor may only assert this defense if it was potentially liable under the workers' compensation scheme; without such potential liability, there is no sense in extending 'up the ladder' protection." *Id*. at 350. If someone other than one who qualifies as the worker's employer for workers' compensation purposes is legally responsible for the injury, the worker may proceed with a civil action against that person or entity. KRS

---

[1] Kentucky Revised Statutes.

342.700(1). Therefore, we must determine whether Cumberland qualifies as Stamper's statutory employer.

In *Huff*, this Court extensively cites to the unpublished opinion of the United States District Court for the Western District of Kentucky in *McMillen v. Ford Motor Company*, No. CIV. A. 307-CV-309-S, 2009 WL 5169871 (W.D. Ky. Dec. 20, 2009).[2] In *McMillen*, the worker was employed by Comstock, a subcontractor of Ford. *Huff*, 632 S.W.3d at 350 (citation omitted). McMillen's work was almost exclusively for Ford and was completed on Ford's premises but, at the time of his injury, McMillen was performing work for Comstock and, on this basis, Ford was not entitled to up the ladder immunity. *Id.* Similarly, the Court in *Huff* determined Somerset, the contractor, did not qualify for immunity because Huff was not working on its behalf or on its premises at the time of his injury. *Id.* at 352.

Herein, Stamper was working on Okonite's premises when he was instructed by his supervisor, an Okonite employee, to go to the pit to assist Simpson, an Okonite maintenance worker, in applying grease to a coupling. The work was completed on Okonite's behalf. No Cumberland employees were working in the pit at the time of Stamper's injuries. Nothing in the record indicates

---

[2] After briefing was completed, Stamper moved to cite to *Huff* as supplemental authority. The motion was granted and, upon order of the Court, the parties filed supplemental briefs on the applicability of *Huff* to this matter.

Cumberland was in any way supervising or otherwise involved with Stamper's work at the time of his injuries. Because Stamper was working for Okonite, not Cumberland, at the time of the incident, Cumberland could not be liable for Stamper's workers' compensation benefits. *See Huff*, 632 S.W.3d at 350 (citations omitted). Therefore, Cumberland is not entitled to up the ladder immunity.

Based on the foregoing, the judgment of the Madison Circuit Court is reversed and remanded for proceedings consistent with this opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEFS FOR APPELLEE: |
|---|---|
| Kyle R. Salyer | Robert E. Maclin, III |
| Tyler J. Wicker | Drake W. Staples |
| Paintsville, Kentucky | Lexington, Kentucky |